IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WENDELL GREEN, 3280-203 | * | |
| Plaintiff | * | |
| v | * | Civil Action No. JFM-12-1389 |
| SERGEANT FLECTS | * | |
| Defendant | * | |

\*\*\*

### MEMORANDUM

Pending is Wendell Green's prisoner civil rights complaint filed under 28 U.S.C. § 1983 and motion to proceed in forma pauperis. Plaintiff will be granted leave to proceed in forma pauperis for the purpose of preliminary review. The complaint, which has been screened pursuant to 28 U.S.C. § 1915A, will be dismissed.

Green is a self-represented litigant who is confined at North Branch Correctional Institution. In essence, he is alleging that money orders did not reach their destination and he is entitled to federal redress. He claims that two money orders that he sent to the Library of Congress are not shown in Library records as received. One money order was returned to Green by mail. The second money order was never returned to him. As relief he wants an injunctive relief and $450,000.00.

Pursuant to 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C § 1915A(b)(1). Further, the pleadings of self-represented plaintiffs are construed liberally and held to a less exacting standard than pleadings filed by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). The court, however, may act as the inmate's advocate, developing claims the inmate failed to clearly raise on the face of his complaint. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985). A court cannot ignore a clear failure in the pleading to allege facts necessary to state an actionable claim. *See Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

In this case, Green's assertions do not amount to a claim of constitutional magnitude. He fails to allege or provide any factual basis to suggest that defendant or other state correctional officers might be constitutionally culpable for the missing money order. To the extent Green might intend to bring an action for lost property, he has may pursue his state remedies.[1]

Accordingly, the complaint will be dismissed and the case will be closed. A separate order follows.

5/31/12
Date

J. Frederick Motz
United States District Judge

---

[1] Sufficient due process is afforded to a prisoner if he has access to an adequate post-deprivation remedy. *See Parratt v. Taylor*, 451 U.S. 527, 542–44 (1981), overruled on other grounds by *Daniels v. Williams*, 474 U.S. 327 (1986). The right to seek damages and injunctive relief in Maryland courts constitutes an adequate post deprivation remedy. *See Juncker v. Tinney*, 549 F.Supp. 574, 579 (D.Md.1982). This court expresses no opinion in regard to pursuing a state claim.

2